**IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| JEANETTE VENTRONE, ANGELA WILLIAMS, PHOENIX PEREIRA, RAMEAK SMITH, APRIL MOORE, and ASHLEE BACON CANTRELL, <br><br>  Plaintiffs, <br><br> v. <br><br> WEBSTER UNIVERSITY, <br> <u>Serve</u>: <br>   Dr. Elizabeth J. Stroble, Reg. Agent <br>   or other person in charge <br>   470 East Lockwood Avenue <br>   St. Louis, MO 63119 <br><br>  Defendant. | Case No. _____ |

**PETITION**

COME NOW Plaintiffs, Jeanette Ventrone, Angela Williams, Phoenix Pereira, Rameak Smith, April Smith, and Ashlee Cantrell, for their Petition against Defendant, Webster University, and state:

**GENERAL ALLEGATIONS**

1. Plaintiffs are citizens and residents of the State of Florida.

2. Defendant is a non-profit corporation organized and existing under and by virtue of the laws of the State of Missouri, which maintains its principal office and place of business at 470 East Lockwood Avenue, St. Louis County, St. Louis, Missouri. It is a citizen of the State of Missouri.

3. Defendant is in the business of providing educational services to members of the public, both in-person and online throughout the United States.

4.      During August 2020, Plaintiffs enrolled in Webster University and were scheduled to begin classes at the St. Petersburg, Florida campus, in a hybrid program for students in Florida in a program titled "MA in Counseling with an emphasis in Clinical Mental Health Counseling".

5.      The hybrid program consisted of online classes with some in-person classes.  It was a hybrid program between online and in-person attendance.

6.      Webster University represented that its MA in Counseling with an emphasis in Clinical Mental Health Counseling program (hereinafter "Mental Health Program") was accredited by the Council for the Accreditation of Counseling and Related Educational Programs ("CACREP") at its Webster Groves, Missouri, Charleston, South Carolina, Columbia, South Carolina, and Myrtle Beach, South Carolina campuses.

7.      Webster University enrolled Plaintiffs for studies at its Myrtle Beach, South Carolina campus, representing to Plaintiffs that by enrolling there they would receive a degree with CACREP accreditation, even though Plaintiffs would be attending class online and at the South Florida campus.

8.      After Plaintiffs enrolled, they received an email from Webster University stating that Plaintiffs would be attending only online because all of the Florida campuses were closed due to low enrollment that resulted from COVID-19.

9.      Plaintiffs plan to pursue careers which requires a CACREP accredited degree.

10. On August 26, 2020, Plaintiffs received an email from the director of the online counseling program for Webster University, Dr. Diane O'Brien ("Dr. O'Brien") stating that Webster University had received CACREP accreditation as of July 2020.

11. Plaintiffs would not have enrolled in any of the four (4) nine-week terms provided by Webster University between August 2020 and July 2021 if they had known that the hybrid mental health program was not CACREP accredited.

12. Plaintiffs, collectively, paid Webster University more than $138,000, for tuition for the four (4) nine-week terms between August 2020 and July 2021, with each Plaintiff paying about $23,000.

13. On April 29, 2021, Dr. O'Brien sent an email to Baycare stating that the hybrid/online mental health program for the Webster Grove campus was only under review for accreditation by CACREP.

14. On April 30, 2021, Plaintiff Jeanette Ventrone emailed Dr. O'Brien stating that Plaintiffs were worried that the hybrid/online program was only under review for accreditation by CACREP, and had not been accredited. Dr. O'Brien responded: "Jeanette, no need to worry. Our accreditation is fine. Just a couple of fine points that needed clarification. This will not affect you."

15. On June 29, 2021, Dr. O'Brien sent an email to Plaintiffs, collectively, requesting that the students attend a hybrid program summit Zoom meeting on July 8, 2021 at 6:00 p.m. EST. Plaintiffs were led to believe that the summit meeting was about fall classes and about entering practicums.

16.    At the online Zoom meeting of July 8, 2021, Dr. O'Brien informed Plaintiffs that accreditation for the hybrid/online mental health program was only under review, not that accreditation was a fact.

17.    Plaintiffs did not enroll for the fall classes at Webster University in its Mental Health Counseling Program, but instead transferred to other institutions which have CACREP accredited programs for Mental Health Counseling.  Those other institutions accepted only a small part of Plaintiffs' credits with Webster University because Webster University was not CACREP accredited for the hybrid program Webster University induced Plaintiffs to enroll in through the false representation that the hybrid program was CACREP accredited.

**COUNT I**
**ALL PLAINTIFFS AGAINST WEBSTER UNIVERSITY FOR COMMON LAW FRAUD**

18.    Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 17 as set forth above.

19.    At all times relevant, Webster University was acting through its employees and agents, including but not limited to Dr. O'Brien, Dr. Stacy Henning ("Dr. Henning"), Dr. Musangali, Allison Labaali and Molly Stehn.

20.    The representation that the hybrid program was accredited by CACREP was false when made by Webster University and was known by it to be false.  Webster University intentionally and falsely represented that its hybrid program for Florida students who would be enrolled in the Myrtle Beach, South Carolina campus was accredited by CACREP, while concealing

the fact that Webster University had merely applied for accreditation by CACREP.

21. A degree by a mental health counseling program, which is not accredited by CACREP, is without value, while a degree by a mental health counseling program accredited by CACREP program has a value in excess of the amount of tuition paid, in this case, $23,000, per Plaintiff.

22. Each Plaintiff reasonably relied on the representation by Webster University that its hybrid program was accredited by CACREP.

23. As a direct result of the false representation by Webster University that its hybrid program was accredited by CACREP, each Plaintiff has been damaged in a sum in excess of $23,000.

24. Each Plaintiff is entitled to recover interest at the rate of 9% per annum from the date they paid tuition until the date of judgment.

25. Once the Defendant has been served with Summons and this case assigned to a judge, Plaintiffs will move the Court for leave to amend their Petition to include a claim for punitive damages.

WHEREFORE, under Count I, Plaintiffs, Jeanette Ventrone, Angela Williams, Phoenix Pereira, Rameak Smith, April Smith, and Ashlee Cantrell, for pray for judgment against Defendant, Webster University, in a sum in excess of $23,000 for each Plaintiff, separately, for total damages for all six Plaintiffs, collectively, in a sum in excess of $138,000, plus interest on $23,000 from the date of payment, for each Plaintiff, until judgment is entered, plus court costs.

**COUNT II**
**ALL PLAINTIFFS AGAINST WEBSTER UNIVERSITY FOR VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

26. Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 17 as set forth above.

27. At all times relevant, Webster University was acting through its employees and agents, including but not limited to Dr. O'Brien, Dr. Stacy Henning, Dr. Musangali, Allison Labaali and Molly Stehn.

28. Plaintiffs paid tuition and purchased the mental health program advertised by Webster University for personal, household and family purposes.

29. The Missouri Merchandising Practices Act, RSMo §407.010 to §407.025, makes it an unlawful practice to act, use or employ any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale of any merchandise and services in trade or commerce.

30. Defendant, Webster University, engaged in trade or commerce within the State of Missouri by offering for sale and selling educational programs including mental health counseling programs from its principal office and campus in St. Louis County, Missouri.

31. Defendant, Webster University, engaged in deceptive acts in violation of the Missouri Merchandising Practices Act by representing that the mental health counseling program sold to Plaintiffs was CACREP accredited while concealing the fact that it had merely applied for CACREP accreditation for the hybrid program.

32. As a direct result of these violations of the Missouri Merchandising Practices Act, each Plaintiff sustained damages in a sum in excess of $23,000, the tuition paid for one (1) year of classes (four terms) in Defendant's mental health counseling program.

33. Each Plaintiff has incurred, and will incur, attorney's fees in a sum in excess of $10,000 per Plaintiff. RSMo §407.025 provides that each Plaintiff may recover, from Defendant, Webster University, their attorney's fees incurred in prosecuting this action.

34. Each Plaintiff is entitled to recover interest at the rate of 9% per annum from the date they paid tuition until the date of judgment.

35. Once Defendant, Webster University, has been served with Summons and this case assigned to a judge, Plaintiffs will move the Court for leave to amend their Petition to include a claim for punitive damages. RSMo §407.020 provides that each Plaintiff may recover punitive damages from Defendant, Webster University, for intentional, malicious, willful, wanton, and outrageous conduct.

WHEREFORE, under Count II, Plaintiffs, Jeanette Ventrone, Angela Williams, Phoenix Pereira, Rameak Smith, April Smith, and Ashlee Cantrell, for pray for judgment against Defendant, Webster University, in a sum in excess of $23,000 for each Plaintiff, separately, for total compensatory damages in a sum, collectively, in excess of $138,000, plus $10,000 for each Plaintiff for attorney's fees, plus interest on $23,000 from the date of payment, for each Plaintiff, until judgment is entered, plus court costs.

/s/ David M. Duree
David M. Duree, MBE 21003
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
O'Fallon, IL  62269
618.628.0186 (T)/618.628.0259 (F)
law@dmduree.net
*Attorneys for Plaintiff Jeanette Ventrone*

22SL-CC02473

Electronically Filed - St Louis County - May 05, 2022 - 08:52 AM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

Jeanette Ventrone, et al.
Plaintiff/Petitioner

vs.

Webster University
Defendant/Respondent

May 4, 2022
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiffs, Jeanette Ventrone, et al.  , pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Hurst Investigation Services, Inc., 144 Lincoln Place Court, Suite #4, Belleville, IL  62221    618.310.1500
Name of Process Server                    Address                                                                  Telephone

_____
Name of Process Server                    Address or in the Alternative                                     Telephone

_____
Name of Process Server                    Address or in the Alternative                                     Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:  Webster University
          c/o Dr. Elizabeth J. Stroble, Registered Agent or other person in charge
Name
  470 East Lockwood Avenue
Address
  St. Louis, MO  63119
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
      Deputy Clerk

_____
Date

/s/ David M. Duree
Signature of Attorney/Plaintiff/Petitioner
  21003                            law@dmduree.net
Bar No.
  312 South Lincoln Avenue, O'Fallon, IL 62269
Address
  (618) 628-1086                (618) 628-0259
Phone No.                                                  Fax No.

CCADM62-WS    Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**22SL-CC02473**

Electronically Filed - St Louis County - May 05, 2022 - 08:52 AM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

  Jeanette Ventrone, et al.  
Plaintiff/Petitioner

vs.

  Webster University  
Defendant/Respondent

Date: May 4, 2022

Case Number: _____

Division: _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiffs, Jeanette Ventrone, et al.                                    , pursuant
         Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Hurst Investigation Services, Inc., 144 Lincoln Place Court, Suite #4, Belleville, IL  62221    618.310.1500
Name of Process Server                                Address                                         Telephone

_____
Name of Process Server                        Address or in the Alternative                          Telephone

_____
Name of Process Server                        Address or in the Alternative                          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:** Webster University  
 c/o Dr. Elizabeth J. Stroble, Registered Agent or other person in charge  
Name  
 470 East Lockwood Avenue  
Address  
 St. Louis, MO  63119  
City/State/Zip

**SERVE:** _____  
Name  
_____  
Address  
_____  
City/State/Zip

**SERVE:** _____  
Name  
_____  
Address  
_____  
City/State/Zip

**SERVE:** _____  
Name  
_____  
Address  
_____  
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By       /s/Jeremy Smith               
     Deputy Clerk

          5/6/2022             
Date

 /s/ David M. Duree                
Signature of Attorney/Plaintiff/Petitioner
 21003                  law@dmduree.net  
Bar No.
 312 South Lincoln Avenue, O'Fallon, IL 62269  
Address
 (618) 628-1086              (618) 628-0259  
Phone No.                              Fax No.

CCADM62-WS    Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 07/19



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 22SL-CC02473 |
|---|---|
| Plaintiff/Petitioner:<br>JEANETTE VENTRONE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID M DUREE<br>312 SOUTH LINCOLN AVENUE<br>P.O. BOX 1416<br>O'FALLON, IL  62269 |
| Defendant/Respondent:<br> WEBSETER UNIVERSITY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** WEBSETER UNIVERSITY
**Alias:**
RAGT ELIZABETH J. STROBLE
470 EAST LOCKWOOD AVENUE
ST. LOUIS, MO  63119



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__06-MAY-2022__   _____
Date                                                                                                Clerk

**Further Information:**
JS

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                                              Date                                                             Notary Public

*(Seal)*

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73