**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JEANETTE VENTRONE, ET AL., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:22-CV-00513-RWS ) |
| WEBSTER UNIVERSITY, | ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT**

COME NOW Plaintiffs, Jeanette Ventrone, Angela Williams, Phoenix Pereira, Rameak Smith, April Moore and Ashlee Bacon Cantrell, for their Response to Defendant, Webster University's Motion to Dismiss (Doc. 12) and its Memorandum in Support (Doc. 13) and respectfully submit the following:

**I.   INTRODUCTION**

Plaintiffs' Motion to Remand this case, which was "snap removed" one day before the Defendant was served, remains pending.

**II.   THE STANDARD FOR DISMISSAL**

The standard for dismissal under Fed. R. Civ. P. 12(b)(6) is whether the Complaint states sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim is plausible when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022).

The Petition (Complaint) alleges that Webster University engaged in trade or commerce within the State of Missouri by offering for sale, and selling, educational programs, including mental health counseling programs, from its principal office and campus in St. Louis County, Missouri (¶30). Webster University acted through its employees and agents, including but not limited to Dr. O'Brien, Dr. Stacy Henning, Dr. Musangali, Allison Labaali and Molly Stehn (¶19).

The Complaint alleges that Webster University represented that its mental health program was accredited by the Council for the Accreditation of Counseling and Related Educational Programs ("CACREP"). As a result of that representation, Plaintiffs enrolled in four (4) nine (9) week terms between August 2020 and July 2021 and paid about $23,000 in tuition for each Plaintiff, for a total of $138,000. Defendant, through its agents, represented that Defendant's accreditation with CACREP was fine. Relying on these representations, Plaintiffs paid tuition of more than $138,000. Plaintiffs would not have enrolled in any of the four (4) nine (9) week terms if they had known the mental health program was not CACREP accredited (¶11).

The Petition alleges common law fraud in Count I and violations of the Missouri Merchandising Practices Act in Count II.

### III. PLAINTIFFS' CLAIMS ARE NOT BARRED BY THE EDUCATIONAL MALPRACTICE DOCTRINE

Defendant cites *Blake v. Career Education Corporation*, 2009 WL 2567011, at *2 (E.D. Mo. August 18, 2009) at p.3 of its Memorandum in Support. In *Blake v. Career Education Corporation*, the court denied the Motion to Dismiss a class

action against Sanford Brown College, ruling that the Educational Malpractice Doctrine did not apply to representations in the sale of criminal justice degree programs. The plaintiffs were deceived by misrepresentations that led them to believe that the associate and bachelor criminal justice degrees from Sanford Brown College were valuable when in fact they had little or no practical value in the real world. The court distinguished the cases which have applied the Educational Malpractice Doctrine, stating that an Educational Malpractice claim generally requires a comprehensive review of a myriad of educational and pedagogical factors, as well as administrative policies, to determine whether an adequate education was provided.

In *Blake v. Career Education Corporation*, the quality of the educational services was not at issue. The issue was whether the degrees for the programs that were being sold had any value, not the quality of the educational services. Defendant also relies on *Dallas Airmotive, Inc. v. FlightSafety Int'l, Inc.*, 277 S.W.3d 696, 700 (Mo.App. W.D. 2008), which granted summary judgment in a case claiming that the educational services provided by a flight training school were inadequate. The court stated that if a negligence claim raises questions concerning the reasonableness of the educator's conduct in providing educational services, then the claim is one of educational malpractice.

In the case at bar Plaintiffs do not challenge the quality or reasonableness of the educational services that were provided, but instead allege that it was represented that the mental health program was accredited by CACREP when in

fact, it was not, and that Plaintiffs would not have paid $138,000 in tuition if they had known the program was not accredited.

*Soueidan v. St. Louis University*, 926 F.3d 1029, 1034 (8th Cir. 2019), cited by Defendant, concerned a doctoral student's claim that below standard educational services provided in a post-graduate program prevented him from passing the examination required to obtain a Ph.D. degree. The Eighth Circuit noted that the Educational Malpractice Doctrine bars claims concerning the reasonableness of the educator's conduct in providing educational services. *Id.*

Defendant also cites *Raimo v. Washington University in St. Louis*, 2022 WL 796239, at *5 (E.D. Mo. March 16, 2022) at p.2 of its Memorandum (Doc. 13). *Raimo v. Washington University in St. Louis* compared the value of in-person learning with online learning. The court found that the Educational Malpractice Doctrine applied because it required the court to weigh the difference between educational services provided online and educational services provided in-person.

The Educational Malpractice Doctrine does not apply to the case at bar because Plaintiffs are not challenging the reasonableness or quality of the educational services that were provided, but instead claim they were misled and deceived by the representation that they mental health program was accredited by CACREP, when in fact it was not. Plaintiffs would not have paid the tuition and taken the mental health program courses if they had known the program was not accredited by CACREP.

### IV. COUNT III STATES A CLAIM FOR VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

Defendant argues that Count II of the Petition fails to state a claim for violation of the Missouri Merchandising Practices Act because it does not allege that Defendant's conduct was in or from the State of Missouri, and does not allege that the mental health program was for personal, family or household uses.  *Kerr v. Vatterott Educational Centers, Inc.,* 439 S.W.3d 802, 811 (Mo.App. W.D. 2014) ruled that whether a nursing degree was obtained for commercial purposes or for personal, family or household purposes was for the jury to decide, thereby permitting a claim under the Missouri Merchandising Practices Act.  The court affirmed a jury verdict of $27,696.96 in actual damages, $2,078,679.80 in punitive damages and $388,059 in attorneys' fees under the Missouri Merchandising Practices Act.

Instead of attempting to distinguish *Kerr v. Vatterott Educational Centers, Inc.,* Defendant cited *Reynolds v. Concordia University*, 2022 WL 1323236, *17 at p.8 of its Memorandum (Doc. 13), a Minnesota District Court case applying Oregon law.  Even Oregon law considers whether the product or service that was sold is for commercial resale.  *Id.*  Obviously, any degree of higher learning includes a very personal component, and is not a commercial product that can be resold.

Next, Defendant argues that the mental health program was not sold in or from Missouri and therefore the Missouri Merchandising Practices Act does not apply.  Paragraph 30 of the Petition alleges that Defendant sold the mental health program from its principal office and campus in St. Louis County, Missouri.

Paragraph 19 alleges that the false representations that the program was accredited by CACREP were made by Dr. O'Brien, Dr. Stacy Henning, Dr. Musangali, Allison Labaali and Molly Stehn.

Instead of addressing these factual allegations, Defendant cites *Hale v. Emerson Electric Company*, 942 F.3d 401, 404 (8th Cir. 2019) which involved an attempt to certify a nationwide class action of vacuum sweeper purchasers. The court held that the Missouri Merchandising Practices Act did not apply to consumers where the commerce did not occur in or from the State of Missouri. In the case at bar, the mental health program was sold from Defendant's offices in St. Louis County, Missouri.

Defendant also cites (Defendant's Memorandum, p.6) *Barker v. Nestle Purina Petcare Company*, 2022 WL 1288355, at *3 (E.D. Mo. April 29, 2022) which held that the Missouri Merchandising Practices Act was not violated by the sale of dog food in Georgia. There was no claim that false representations were made from within the State of Missouri to the plaintiffs through direct communications, in contrast to the allegations in the Complaint at issue in the case *sub judice*.

## V. CONCLUSION

FOR THE FOREGOING REASONS, Plaintiffs, Jeanette Ventrone, Angela Williams, Phoenix Pereira, Rameak Smith, April Moore and Ashlee Bacon Cantrell, respectfully submit that this case should be remanded, and in the event the Court rules otherwise, then the Motion to Dismiss should be denied.

/s/ David M. Duree
David M. Duree, MBE 21003
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
O'Fallon, IL  62269
(T) 618.628.0186/618.628.0259 (F)
law@dmduree.net
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of the foregoing was filed electronically with the Clerk of this Court, the Clerk will electronically serve all parties of Record, and a copy was served via email, this 16th day of June, 2022, on the following:

Travis R. Kearbey
Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
314.621.5070 (T)/314.621.5065 (F)
tkearbey@atllp.com
*Attorneys for Defendant Webster University*

/s/ David M. Duree
David M. Duree, MBE 21003
David M. Duree & Associates, P.C.
