UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEANETTE VENTRONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:22 CV 513 RWS |
| | ) | |
| WEBSTER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER OF REMAND</u>

This case is before me on the motion to remand filed by Plaintiffs Jeanette
Ventrone, Angela Williams, Phoenix Pereira, Rameak Smith, April Moore, and
Ashlee Cantrell.  (Doc. 6).  Plaintiffs filed this lawsuit in the Circuit Court for St.
Louis County, Missouri, asserting two state law claims against Defendant Webster
University (the "University").  Shortly thereafter, the University removed the case
to this Court, and Plaintiffs filed the present motion to remand.  For the reasons
discussed below, Plaintiffs' motion will be granted, and this case will be remanded
to the Circuit Court for St. Louis County, Missouri.

## BACKGROUND

Plaintiffs are citizens and residents of the State of Florida.  The University is
a non-profit corporation organized and existing under the laws of the State of
Missouri with its principal place of business in St. Louis County, Missouri.  The

University provides educational services to individuals throughout the United States. Plaintiffs enrolled to receive such services in August 2020 and were scheduled to begin classes at the University's campus in St. Petersburg, Florida.  Specifically, Plaintiffs enrolled in a hybrid program for students in Florida, entitled "MA in Counseling with an emphasis in Clinical Mental Health Counseling" (the "mental health program"), which consisted of both in-person and online classes.

According to Plaintiffs, the University represented to them that the mental health program was accredited by the Council for Accreditation of Counseling and Related Educational Programs ("CACREP") at its campuses in Webster Groves, Missouri; Charleston, South Carolina; Columbia, South Carolina; and Myrtle Beach, South Carolina.  Plaintiffs enrolled for classes at the University's campus in Myrtle Beach, South Carolina.  Plaintiffs allege that the University represented to them that they would receive a degree with CACREP accreditation even though they would be attending classes online and at the University's campus in St. Petersburg, Florida. Plaintiffs maintain that this was important because they intend on pursuing careers that require a CACREP-accredited degree.

After they enrolled, Plaintiffs received an e-mail from the University stating that they would be attending online classes only because the University's campuses in Florida were closed due to COVID-19 and low enrollment.  Plaintiffs were later informed, in April and July of 2021, that the mental health program was not

2

CACREP accredited but rather only under review for such accreditation.  Plaintiffs claim they would not have enrolled in any of the four nine-week terms provided by the University between August 2020 and July 2021 if they had known that the mental health program was not CACREP accredited.

Plaintiffs initiated this lawsuit on May 5, 2022, by filing a petition against the University in the Circuit Court for St. Louis County, Missouri.  Plaintiffs' petition contains two state law claims: (Count I) a claim for common law fraud; and (Count II) a claim for violations of the Missouri Merchandising Practices Act ("MMPA").  Plaintiffs seek damages in a sum in excess of $23,000 for each Plaintiff ($138,000 collectively) on both counts, plus interest, court costs, and $10,000 per Plaintiff for attorney's fees under the MMPA.  On May 11, 2022, prior to receiving service, the University removed the case to this Court.  Plaintiffs filed the present motion to remand that same day.

## LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441, authorizes removal of any civil action brought in state court of which the federal district courts have original jurisdiction. § 1441(a).  The propriety of removal from state court to federal court therefore depends on whether the case comes within the federal court's subject matter jurisdiction.  Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996).  A party seeking removal and opposing remand has the burden of establishing that the

3

federal court has subject matter jurisdiction, and a district court must resolve all doubts about subject matter jurisdiction in favor of remand.  In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (1993).

## DISCUSSION

Plaintiffs filed this lawsuit against the University in the Circuit Court for St. Louis County, Missouri.  (Doc. 4).  The University removed the case to this Court, prior to receiving service, on the basis of diversity jurisdiction under § 1332(a). (Doc. 1 at ¶¶ 3–4).  Having reviewed Plaintiffs' petition and considered the parties' arguments, I find that remand of this case is appropriate for two reasons.  First, remand is appropriate because the University has failed to establish that this Court has subject matter jurisdiction over this case.  Second, remand is appropriate because removal of this case was improper under the forum-defendant rule in § 1441(b)(2).

### A.    Subject Matter Jurisdiction

This case must be remanded because the University has failed to establish that this Court has subject matter jurisdiction over it.  Plaintiffs do not specifically dispute whether the requirements for diversity jurisdiction under § 1332(a) are met, but I have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).  Accordingly, in evaluating the propriety of

removal of this case, I must first determine whether the University has carried its burden of establishing that diversity jurisdiction exists.

Diversity jurisdiction exists in all civil actions in which there is "complete diversity of citizenship" and the amount in controversy exceeds $75,000. In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). Complete diversity requires that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." Id. at 620 (internal quotation marks omitted). As for the amount-in-controversy requirement, "the sum claimed by the plaintiff in good faith is usually dispositive," but "it does not control where it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011). In addition, "[t]he separate and distinct claims of two or more plaintiffs cannot be aggregated except in cases where the plaintiffs 'unite to enforce a single title or right in which they have a common and undivided interest.'" Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 765 (8th Cir. 2001) (quoting Snyder v. Harris, 394 U.S. 332, 335 (1969)).

Here, while there is complete diversity,[1] the University has not carried its burden of establishing by a preponderance of the evidence that the amount-in-

---

[1] There is complete diversity in this case because Plaintiffs are all citizens of Florida while the University is a citizen of Missouri. (Doc. 4 at ¶¶ 1–2); see also § 1332(c)(1) (stating, for purposes of diversity jurisdiction and removal, a corporation is a citizen of every state in which it is incorporated and the sole state in which it has its principal place of business).

controversy requirement is satisfied.  See Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (stating the requisite amount in controversy must be proven by a preponderance of the evidence).  The University contends that Plaintiffs' petition expressly seeks damages in excess of $75,000.  As support, the University points to the WHEREFORE paragraphs of Plaintiffs' petition in which Plaintiffs state that they are seeking damages "in a sum in excess of $23,000 for each Plaintiff, separately, for total damages for all six Plaintiffs, collectively, in a sum in excess of $138,000, plus interest on $23,000 from the date of payment, for each Plaintiff, until judgment is entered, plus court costs."  (Doc. 4 at pp. 5 & 7).  The University also points to Plaintiffs' claims under the MMPA in connection with which Plaintiffs are seeking "$10,000 for each Plaintiff for attorney's fees."  (Id. at p. 7).

Although Plaintiffs state in their petition that they are seeking damages in excess of $138,000 collectively, the question with respect to the amount in controversy in this case is not whether the collective amount in controversy is in excess of $75,000.  Plaintiffs' claims cannot be aggregated for purposes of satisfying the amount-in-controversy requirement because Plaintiffs are not seeking "'to enforce a single title or right in which they have a common and undivided interest.'" Crawford, 267 F.3d at 765 (quoting Snyder, 394 U.S. at 335).  Plaintiffs bring separate claims against the University.  The proper question, therefore, is whether the amount in controversy for at least one individual Plaintiff is in excess of $75,000.

Upon review of Plaintiffs' petition, it is clear that the amount in controversy for each Plaintiff individually is less than $75,000.  In their petition, Plaintiffs state that they are seeking damages "in a sum in excess of $23,000 for each Plaintiff" and that they are seeking "$10,000 for each Plaintiff for attorney's fees."  (Doc. 4 at pp. 5 & 7).  Plaintiffs also state that they are seeking interest on $23,000 and court costs, but such figures do not factor into the amount in controversy.  See § 1332(a) (the amount in controversy must exceed $75,000, "exclusive of interest and costs").  Accordingly, as pleaded in Plaintiffs' petition, the amount in controversy for each Plaintiff individually is in a sum in excess of only $33,000.  This falls far short of the amount in controversy required for diversity jurisdiction under § 1332(a).[2]

Because the University has failed to establish by a preponderance of the evidence that the amount-in-controversy requirement for diversity jurisdiction under § 1332(a) is satisfied, this case must be remanded.

### B.    Forum-Defendant Rule

This case must also be remanded because its removal was improper under the forum-defendant rule in § 1441(b)(2).  The forum-defendant rule provides that a civil

---

[2] I note that when a plaintiff does not limit a request for damages to a precise amount and instead pleads "in excess" of an amount—as in this case—the amount in controversy should not be measured by the low end of the open-ended claim but by a "reasonable reading of the value of the rights" at issue. Turntine v. Peterson, 959 F.3d 873, 880 (8th Cir. 2020).  Here, while Plaintiffs have pleaded damages in excess of $23,000, the value of the rights at issue cannot reasonably be read as amounting to more than $75,000 given Plaintiffs' allegation that they each paid the University about $23,000 for tuition between August 2020 and July 2021.  (Doc. 4 at ¶ 12).

action "removable solely on the basis of the jurisdiction under [§] 1332(a) … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). Violation of this rule results in a "nonjurisdictional defect in removal." Holbein v. TAW Enters., Inc., 983 F.3d 1049, 1053 (8th Cir. 2020).  Here, it is undisputed that the University is a citizen of the state in which this case was brought, Missouri, and that this case was removed solely on the basis of diversity jurisdiction under § 1332(a).  The parties dispute, however, whether removal is proper when, as in this case, a forum defendant removes the case prior to receiving service.

The Eighth Circuit has neither addressed this issue nor addressed the similar issue of whether removal is proper when a non-forum defendant removes a case prior to a forum defendant receiving service.  These issues have, however, been addressed by other circuits.  Some circuits have found, or suggested they would find, that such removals are proper.  See Texas Brine Co., L.L.C. v. American Arbitration Ass'n, Inc., 955 F.3d 482, 487 (5th Cir. 2020); Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 707 (2d Cir. 2019); Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 153–54 (3d Cir. 2018); McCall v. Scott, 239 F.3d 808, 809 n. 2 (6th Cir. 2001).  At least one circuit has suggested it would find that such removals are improper.  See Goodwin v. Reynolds, 757 F.3d 1216, 1221–22 (11th Cir. 2014).

8

District courts within the Eighth Circuit have also addressed these issues, and they have reached differing conclusions.  Compare e.g., Rogers v. Boeing Aerospace Operations, Inc., 13 F.Supp.3d 972, 978 (E.D. Mo. 2014) and Terry v. J.D. Streett & Co., No. 4:09CV01471 FRB, 2010 WL 3829201, at *2 (E.D. Mo. Sept. 23, 2010) with Perez v. Forest Labs., Inc., 902 F.Supp.2d 1238, 1246 (E.D. Mo. 2012) and Perfect Output of Kan. City, LLC v. Ricoh Ams. Corp., No. 12-0189-CV-W-SOW, 2012 WL 2921852, at *2 (W.D. Mo. July 17, 2012).  Though these decisions and the decisions of courts of appeals from other circuits may be persuasive, they are not binding in this case.  I will therefore turn to the text of § 1441(b)(2) and the purposes of diversity jurisdiction, the removal statute, and the forum-defendant rule.

By its terms, § 1441(b)(2) speaks only of removal of cases in which a party in interest "properly joined and served" as a defendant is a citizen of the state in which the case was brought.  A strict reading of § 1441(b)(2) could, therefore, lead to the conclusion that it is inapplicable unless a forum citizen has been joined and served as a defendant.  This has been the approach taken by some courts, and it is an approach consistent with the well-established principle of statutory interpretation that a court must begin its analysis with a statute's plain language and presume that "a legislature says in a statute what it means and means in a statute what it says." Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc., 651 F.3d 857, 862 (8th Cir. 2011) (internal quotation marks omitted).  However, it is also well-

established that "interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982).

This is a rare case where the literal application of a statute would produce an absurd result inconsistent with legislative intent. The purpose of diversity jurisdiction is to "provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants." Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553–54 (2005). Section 1332 allows plaintiffs to invoke such jurisdiction, and "§ 1441 gives defendants a corresponding opportunity." Lincoln Property Co. v. Roche, 546 U.S. 81, 90 (2005). The forum-defendant rule in § 1441(b)(2) is a limitation on a defendant's corresponding opportunity, however, and it exists to preserve a plaintiff's choice of a state forum "under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice." Holbein, 983 F.3d at 1055 (internal quotation marks omitted).

Here, the purposes of diversity jurisdiction would not be served by permitting removal of this case because the University, the party seeking to invoke diversity jurisdiction, is the home-state litigant. In addition, because the University is the home-state litigant and the sole defendant, permitting the University to remove this case would clearly contravene the rationale underlying the forum-defendant rule. Indeed, this case is prototypical of those to which the forum-defendant rule was

10

intended to apply: a case in which the sole defendant is a citizen of the forum state. Furthermore, this case does not present any of the circumstances that were intended to be addressed by the inclusion of the "properly joined and served as defendants" language in § 1441(b)(2).  That language has been interpreted as "intended to prevent gamesmanship by plaintiffs who would name in-state defendants to defeat diversity jurisdiction without any intent to pursue or serve that in-state defendant." Spreitzer Props., LLC v. Travelers Corp, No. 21-CV-106-CJW-MAR, 2022 WL 1137091, at *5 (N.D. Iowa Apr. 18, 2022) (citing cases).  In contrast here, the University is the sole defendant, so there was never any doubt as to whether Plaintiffs intended to serve and pursue their claims against the University.

In sum, although a strict reading of § 1441(b)(2) could lead to the conclusion that the forum-defendant rule is inapplicable unless a forum defendant has been joined and served, I find that under the circumstances presented here permitting the University to remove this case would lead to an absurd result inconsistent with legislative intent.  Removal of this case was improper because the University, the sole defendant, is a citizen of the forum state.  This case will therefore be remanded for the additional reason that its removal was improper under the forum-defendant rule in § 1441(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to remand filed by Plaintiffs Jeanette Ventrone, Angela Williams, Phoenix Pereira, Rameak Smith, April Moore, and Ashlee Cantrell [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for St. Louis County, Missouri, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs, expenses, and attorneys' fees incurred by reason of these removal and remand proceedings.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June 2022.